IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MIA MOTON            PLAINTIFF

VERSUS            CIVIL ACTION NO. 3:21-cv-328-CWR-LGI

JESSICA BROWN,
ANTHONY MOORE,
BIG R TRUCKING, LLC,
CANAL INSURANCE COMPANY,
PROGRESSIVE CASUALTY INSURANCE COMPANY
AND JOHN DOES 1-5            DEFENDANTS


JESSICA BROWN            CROSS-PLAINTIFF

VERSUS            CIVIL ACTION NO. 3:21-cv-328-CWR-LGI

ANTHONY MOORE, BIG R TRUCKING, LLC,
CANAL INSURANCE COMPANY AND
PROGRESSIVE MOUNTAIN INSURANCE COMPANY            CROSS-DEFENDANTS

## ANSWER AND DEFENSES AND CROSS-CLAIM OF
## DEFENDANT AND CROSS-PLAINTIFF JESSICA BROWN

COMES NOW Defendant and Cross-Plaintiff Jessica Brown ("Defendant Brown" and/or "Mrs. Brown"), by counsel, responding to the Complaint of Plaintiff Mia Moton ("Plaintiff"), and asserting a Cross-Claim against the Cross-Defendants identified above and in the following Cross-Claim, as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief could be granted against Defendant Brown.

## SECOND DEFENSE

Plaintiff has failed to join a necessary or indispensable party, or necessary or indispensable parties, or a party or parties needed for a just adjudication, and Plaintiff should be required to join said party or parties pursuant to Rules 17 and 19 of the governing Rules of Civil Procedure.

## THIRD DEFENSE

As a matter of fact and of law, Plaintiff has no claim against Defendant Brown as a result of the accident here at issue.

## FOURTH DEFENSE

Plaintiff has failed to set forth in the Complaint the monetary amount demanded. Under the governing Rules of Civil Procedure, no judgment can ever be entered in favor of Plaintiff, and against Defendant Brown, for more than the monetary amount demanded. Defendant Brown reserves and does not waive all rights under the governing Rules of Civil Procedure with regard to monetary demands and entry of judgment.

## FIFTH DEFENSE

Answering the Complaint, by paragraph, Defendant Brown states:

## PARTIES

1. Defendant Brown lacks information or knowledge sufficient to form a belief as to the truth of all of the allegations of Paragraph 1 of the Complaint.

2. Admitted.

3. Defendant Brown lacks information or knowledge sufficient to form a belief as to the truth of all of the allegations of Paragraph 3 of the Complaint.

4. Defendant Brown lacks information or knowledge sufficient to form a belief as to the truth of all of the allegations of Paragraph 4 of the Complaint.

5. Defendant Brown lacks information or knowledge sufficient to form a belief as to the truth of all of the allegations of Paragraph 5 of the Complaint.

6. Defendant Brown lacks information or knowledge sufficient to form a belief as to the truth of all of the allegations of Paragraph 6 of the Complaint.

7. The allegations of Paragraph 7 of the Complaint are not directed toward Defendant Brown and, therefore, no response thereto is due from Defendant Brown.

## VENUE

7. As to the second paragraph numbered 7 in the Complaint, Defendant Brown denies those allegations, as stated, but Defendant Brown does not dispute or challenge venue or the subject matter jurisdiction of the Court where this action was originally filed, being the Circuit Court for the First Judicial District of Hinds County, Mississippi.

## FACTS

8. Admitted, but only on information and belief.

9. Defendant Brown admits an accident occurred on or about the date alleged between a vehicle operated by Defendant Brown and a vehicle operated by Defendant Anthony Moore ("Defendant Moore"). However, Defendant Brown would show that the accident was solely due to negligence and/or other fault on the part of Defendant Moore and was not due to any negligence and/or other fault on the part of Defendant Brown. Otherwise, the allegations of Paragraph 9 of the Complaint are denied.

10. Admitted, and Defendant Brown would show that negligence and/or other fault on the part of Defendant Moore was the sole proximate cause of the accident here at issue.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted.

18. Denied, insofar as the allegations of Paragraph 18 of the Complaint are directed toward Defendant Brown, and again Defendant Brown would show that negligence and/or other fault on the part of Defendant Moore was the sole proximate cause of the accident here at issue.

19. Denied, insofar as the allegations of Paragraph 19 of the Complaint are directed toward Defendant Brown. Again, Defendant Brown would show that negligence and/or other fault on the part of Defendant Moore was the sole proximate cause of the accident here at issue.

20. Denied, insofar as the allegations of Paragraph 20 of the Complaint are directed toward Defendant Brown, and denied, generally, with regard to the damage and injuries allegations, as Defendant Brown does not believe Plaintiff could have been injured as a result of the relatively minor impact and damage to the vehicle operated by Plaintiff as a result of the accident here at issue, which damage to the vehicle of Plaintiff did not result from any contact with the vehicle operated by Defendant Brown. Rather, only the vehicle operated by Defendant Moore, or parts therefrom, made contact with the vehicle operated by Plaintiff, which contact and impact was minor in any event.

21. Denied, generally and/or as stated, insofar as the allegations of Paragraph 21 of the Complaint are directed toward Defendant Brown, and Defendant Brown denies violating any such duties in any event.

22. Denied, insofar as the allegations of Paragraph 22 of the Complaint are directed toward Defendant Brown. Again, Defendant Brown would show that negligence and/or other fault on the part of Defendant Moore was the sole proximate cause of the accident here at issue.

## NEGLIGENCE OF DEFENDANTS JESSICA BROWN AND ANTHONY MOORE

23. Defendant Brown adopts and incorporates here by reference her foregoing responses to the paragraphs and allegations of the Complaint adopted and incorporated by reference by Plaintiff in Paragraph 23 of the Complaint.

24. Denied, along with the sub-paragraphs thereof, insofar as the allegations of Paragraph 24 of the Complaint and/or the sub-paragraphs thereof are directed toward Defendant Brown.

25. Denied, insofar as the allegations of Paragraph 25 of the Complaint are directed toward Defendant Brown.

26. Denied, insofar as the allegations of Paragraph 26 of the Complaint are directed toward Defendant Brown.

27. Denied, insofar as the allegations of Paragraph 27 of the Complaint are directed toward Defendant Brown.

28. Denied.

29. Denied, insofar as the allegations of Paragraph 29 of the Complaint are directed toward Defendant Brown.

## NEGLIGENCE OF DEFENDANT BIG R TRUCKING, LLC, AND JOHN DOES 1-5

30. Defendant Brown adopts and incorporates here by reference her foregoing responses to the paragraphs and allegations of the Complaint adopted and incorporated by reference by Plaintiff in Paragraph 30 of the Complaint.

31. The allegations of Paragraph 31 of the Complaint are not directed toward Defendant Brown and, therefore, no response thereto is due from Defendant Brown. However, Defendant Brown would show that negligence and/or other fault on the part of Defendant Moore was the sole proximate cause of the accident here at issue and, since Defendant Big R Trucking, LLC ("Defendant BRT") was the employer of Defendant Moore, at the time of the accident here at issue, and Defendant Moore was in the course and scope of his employment with Defendant BRT at the time of the accident here at issue, Defendant BRT is vicariously liable for the accident here at issue.

32. The allegations of Paragraph 32 of the Complaint, and the sub-paragraphs thereof, are not directed toward Defendant Brown and, therefore, no response thereto is due from Defendant Brown. Otherwise, Defendant Brown incorporates here by reference Defendant Brown's other and further response to the allegations of Paragraph 31 of the Complaint.

33. The allegations of Paragraph 33 of the Complaint are not directed toward Defendant Brown and, therefore, no response thereto is due from Defendant Brown. However, Defendant Brown incorporates here by reference her other and further response to the allegations of Paragraph 31 of the Complaint.

34. The allegations of Paragraph 34 of the Complaint are not directed toward Defendant Brown and, therefore, no response thereto is due from Defendant Brown. However,

Defendant Brown incorporates here by reference her other and further response to the allegations of Paragraph 31 of the Complaint.

35.  Admitted, and again Defendant Brown would show that negligence and/or other fault on the part of Defendant Moore was the sole proximate cause of the accident here at issue.

36.  The allegations of Paragraph 36 of the Complaint are not directed toward Defendant Brown and, therefore, no response thereto is due from Defendant Brown. However, Defendant Brown would show that negligence and/or other fault on the part of Defendant Moore was the sole proximate cause of the accident here at issue and, since Defendant BRT was the employer of Defendant Moore, at the time of the accident here at issue, and Defendant Moore was in the course and scope of his employment with Defendant BRT at the time of the accident here at issue, Defendant BRT is also vicariously liable for the accident here at issue.

37.  Denied, insofar as the allegations of Paragraph 37 of the Complaint are directed toward Defendant Brown.

38.  Denied.

39.  Denied, insofar as the allegations of Paragraph 39 of the Complaint are directed toward Defendant Brown.

## DAMAGES

40.  Defendant Brown adopts and incorporates here by reference her foregoing responses to the paragraphs and allegations of the Complaint adopted and incorporated by reference by Plaintiff in Paragraph 40 of the Complaint.

41.  Denied, along with the sub-paragraphs thereof, insofar as the allegations of Paragraph 41 of the Complaint, and/or the sub-paragraphs thereof, are directed toward Defendant Brown.

42. Denied, insofar as the allegations of Paragraph 42 of the Complaint are directed toward Defendant Brown.

### DECLARATORY JUDGMENT: CANAL INSURANCE COMPANY

43. Defendant Brown adopts and incorporates here by reference her foregoing responses to the paragraphs and allegations of the Complaint adopted and incorporated by reference by Plaintiff in Paragraph 43 of the Complaint.

44. The allegations of Paragraph 44 of the Complaint are not directed toward Defendant Brown and, therefore, no response thereto is due from Defendant Brown.

### DECLARATORY JUDGMENT: PROGRESSIVE CASUALTY INSURANCE COMPANY

45. Defendant Brown adopts and incorporates here by reference her foregoing responses to the paragraphs and allegations of the Complaint adopted and incorporated by reference by Plaintiff in Paragraph 45 of the Complaint.

46. The allegations of Paragraph 46 of the Complaint are not directed toward Defendant Brown and, therefore, no response thereto is due from Defendant Brown.

Defendant Brown also denies the allegations of the last unnumbered paragraph of the Complaint, and the sub-paragraphs thereof, to the extent those allegations of the Complaint are directed toward Defendant Brown. Defendant Brown also denies Plaintiff is entitled to recover from Defendant Brown the relief requested by Plaintiff in the Complaint and denies that Plaintiff is entitled to any relief whatsoever with regard to Defendant Brown in connection with the accident and/or any injuries and/or damages here at issue.

### SIXTH DEFENSE

Negligence and/or other fault on the part of Plaintiff was a proximate contributing cause of the accident and/or any injuries and/or damages here at issue.

## SEVENTH DEFENSE

Negligence and/or other fault on the part of another person or entity, or other persons or entities, for whom or which Defendant Brown has no liability or responsibility, was the sole proximate cause, or a proximate contributing cause, of the accident and/or any injuries and/or damages here at issue.

## EIGHTH DEFENSE

Defendant Brown hereby invokes all aspects of Mississippi law concerning apportionment of fault and/or damages and/or on limitations on damages.

## NINTH DEFENSE

Certain of the injuries and/or damages claimed by Plaintiff existed before the date of the alleged accident at issue, or arose thereafter, and have nothing at all to do with the alleged accident at issue, so Defendant Brown could in no event have any liability or responsibility to Plaintiff for such injuries and/or damages.

## TENTH DEFENSE

Plaintiff has failed to reasonably mitigate Plaintiff's alleged damages.

## ELEVENTH DEFENSE

As a matter of fact and of law, Plaintiff has no claim against Defendant Brown as a result of the accident here at issue.

## TWELFTH DEFENSE

As a matter of fact and of law, Plaintiff has no claim against Defendant Brown for any punitive damages.

## THIRTEENTH DEFENSE

Defendant Brown hereby invokes all aspects of Mississippi procedural and/or substantive law, with regard to defenses thereto and/or limitation thereon, in response to any attempted punitive damages claim of Plaintiff against Defendant Brown.

## FOURTEENTH DEFENSE

Any assessment of punitive damages against Defendant Brown would violate the rights of Defendant Brown under the Constitutions of the State of Mississippi and the United States of America, all in various and numerous particulars.

## FIFTEENTH DEFENSE

Defendant Brown hereby reserves any and all additional procedural and/or substantive defenses available to Defendant Brown at present, or that may be shown by continuing investigation and/or discovery, all of which procedural and/or substantive defenses are specifically reserved and not waived by or on behalf of Defendant Brown.

And now, having fully answered, Defendant Brown requests the Court to dismiss, with prejudice, the Complaint of Plaintiff against Defendant Brown and to assess all costs to Plaintiff. Defendant Brown further requests that the Court grant Defendant Brown all of the relief requested by Defendant Brown in the Cross-Claim as set forth below.

## CROSS-CLAIM

COMES NOW Cross-Plaintiff Jessica Brown ("Mrs. Brown"), by counsel, consistent with the governing Rules of Civil Procedure, asserting cross claims against Cross-Defendants Anthony Moore ("Defendant Moore"), Big R Trucking, LLC ("Defendant BRT"), Canal

Insurance Company ("Canal") and Progressive Mountain Insurance Company ("Progressive"),[1] as follows:

## PARTIES

1. Mrs. Brown is an adult resident citizen of Rankin County, Mississippi, who resides at 131 Ropers Lane, Florence, Mississippi 39073, and who is a Defendant in this action.

2. Defendant Moore is a Defendant in this action who may be served with process on this Cross-Claim by service of a copy hereof on counsel of record for Defendant Moore.

3. Defendant BRT is a Defendant in this action who may be served with process on this Cross-Claim by service of a copy hereof on counsel of record for Defendant BRT.

4. Canal is a Defendant in this action and may be served with process on this Cross-Claim by service of a copy hereof on counsel of record for Canal.

5. Progressive is a Defendant in this action and may be served with process of this Cross-Claim by service of a copy hereof on counsel of record for Progressive.

## JURISDICTION AND VENUE

6. While reserving the right to challenge the propriety of removal of this action by Canal, Mrs. Brown would show that, if the Court to which this matter has been removed has jurisdiction over the case and the parties hereto, the same Court has jurisdiction over this Cross-Claim and the parties hereto.

---

[1] While the Complaint herein refers to Progressive Casualty Insurance Company, the Progressive entity has filed an Answer and Defenses in this action identifying Progressive Mountain Insurance Company as the proper Progressive entity.

7. If the Court to which this matter has been moved is the proper venue, venue is proper as to this Cross-Claim, but Mrs. Brown reserves the right to challenge the propriety of the removal by Canal.

## FACTS

8. On September 10, 2020, Mrs. Brown was operating a vehicle westbound on Highway 80 in Hinds County, Mississippi.

9. Defendant BRT's vehicle was being driven by Defendant Moore on Highway 80 eastbound at the same time.

10. Defendant Moore and Defendant BRT's vehicle struck Mrs. Brown's vehicle as Mrs. Brown was making a legal left turn with a green arrow at the time of the wreck.

11. Defendant BRT's employee, Defendant Moore, was in the course and scope of his employment with Defendant BRT at the time of the accident and, as a result, Defendant BRT is vicariously liable for any and all negligent acts Defendant Moore.

12. The subject collision was caused by the recklessness, carelessness and/or gross negligence of Defendant Moore while in the course and scope of his employment with Defendant BRT, in that Defendant Moore:

    a) Failed to observe due care and precaution and maintain proper and adequate control of his vehicle;

    b) Failed to keep a proper lookout for other vehicles lawfully upon the roadway;

    c) Failed to exercise reasonable care in the operation of the motor vehicle he was operating under the circumstances then and there existing at the time of the subject incident;

    d) Failed to yield the right of way to the vehicle of Mrs. Brown;

e) Committed other acts of negligence that will be proven at the trial of this cause.

13. As a proximate result of said collision and said negligent acts, Mrs. Brown was injured and was seen by several medical providers for treatment of the injuries she received in the above-referenced collision.

14. As a direct and proximate result of the negligence of Defendant Moore, as set forth above, Mrs. Brown sustained injuries and damages that may include, but are not necessarily limited to, serious physical injuries; past, present and future medical expenses; and other damages that will be proved at the trial of this matter.

## COUNT ONE: NEGLIGENCE

15. Mrs. Brown adopts and re-alleges here the allegations contained in paragraphs 1 through 14 of this Cross-Claim as if fully set out herein.

16. Defendant Moore, while in the course and scope of his employment with Defendant BRT, negligently failed to safely operate his vehicle on the date of the wreck, which proximately caused the resultant collision and injuries to Mrs. Brown.

17. Defendant BRT is liable as a result of its relationship with Defendant Moore, via respondeat superior and vicarious liability, but also was negligent and liable for its own independent negligence, including, but not limited to, negligent entrustment, negligent hiring, negligent training, negligent supervision, and negligent inspection and maintenance of the vehicle operated by Defendant Moore.

18. For the above-referenced negligence, Mrs. Brown is entitled to damages.

## COUNT TWO: GROSS NEGLIGENCE

19. Mrs. Brown adopts and alleges the allegations contained in paragraphs 1 through 18 of this Cross-Claim above as if fully set out herein.

20. At the time of the collision made the basis of this suit, Defendant Moore and Defendant BRT acted wantonly and in reckless disregard for the safety and welfare of other persons, including Mrs. Brown, in that they:

    a) in reckless disregard for the safety and welfare of others, including Mrs. Brown, carelessly ignored their surroundings and thereby intentionally caused the aforementioned damages to Mrs. Brown which were the reasonably foreseeable consequences of their wanton, reckless or intentional misconduct;

    b) engaged in other and further acts of wanton, reckless or intentional wrongdoing as subsequent discovery may reveal.

21. Said conduct was willful, wanton, and grossly negligent and exhibited reckless disregard for the rights and safety of Mrs. Brown so as to give rise to an award of punitive damages.

22. As a result of the negligence of Defendant Moore and Defendant BRT, Mrs. Brown suffered damages, including but not limited to, past and future pain, suffering and mental anguish and medical expenses, lost earnings and other changes to be proven at trial.

## DECLARATORY JUDGMENT: CANAL INSURANCE

23. Mrs. Brown re-alleges and incorporates herein by reference the above and foregoing paragraphs 1 through 22 of this Cross-Claim as if fully set out herein.

24. Mrs. Brown seeks a declaratory judgment from this Court establishing the following:

a) The applicable coverages under the Canal policy covering Defendant BRT and Defendant Moore;

b) At the time of the subject wreck, Defendant BRT and Defendant Moore were insured under a policy of insurance written by Canal ("underlying policy") 460562001;

c) That Canal owes duties to Defendant Moore and to Defendant BRT as insureds under the policy;

d) That the Canal policy of insurance includes coverages for liability as well as the cost of defense;

e) The incident which form the basis of this Complaint is an insured event under the Canal policy;

f) Defendants Moore and BRT are insureds within the definitions of the Canal policy;

g) That the Canal policy of insurance was the subject of a BMC-91X form with the USDOT;

h) The facts as alleged in this Complaint give rise to coverage under the Canal underlying policy or policies;

i) That under the insurance policy there is a duty for Canal to comply with the policy terms and process the claim quickly, and to provide information to the insureds;

j) A determination of the rights, duties, coverages and responsibilities owed by Canal under the policy;

k) A determination of the amount(s) of coverage(s) available under the Canal policy;

  l)  That Mrs. Brown has at all times conformed with the policy provisions to make a claim under the Canal policy; and,

  m)  That Canal is liable for any judgment against Defendant Moore and/or Defendant BRT in this cause up to the amount of the policy or if a judgment is rendered over that amount.

**DECLARATORY JUDGMENT: PROGRESSIVE CASUALTY INSURANCE COMPANY**

  25.  Mrs. Brown re-alleges and incorporates herein by reference the above and foregoing paragraphs 1 through 24 of this Cross-Claim as if fully set out herein.

  26.  Mrs. Brown seeks a declaratory judgment from this Court establishing the following:

  a)  The applicable coverages under Progressive policy covering Defendant BRT USDOT#3036975 MC#42580;

  b)  At the time of the subject wreck, Defendant Moore and Defendant BRT were insureds under a policy of insurance written by Progressive ("Progressive underlying policy");

  c)  That Progressive owes duties to Defendant Moore and Defendant BRT as insureds under the policy;

  d)  That the Progressive policy of insurance includes coverages for liability as well as the cost of defense;

  e)  The incident which forms the basis of this suit is an insured event under the Progressive policy;

  f)  The Defendants Moore and Defendant BRT are insureds within the definitions of the Progressive policy;

g) The facts as alleged in this Complaint give rise to coverage under the Progressive policy or policies;

h) That under the Progressive policy there is a duty for Progressive to comply with the policy terms and process the claim quickly, and to provide information to its insureds;

i) A determination of the rights, duties, coverages and responsibilities owed by Progressive under the policy;

j) A determination of the amount(s) of coverage(s) available under the Progressive policy;

k) that Mrs. Brown has at all times conformed with the policy provisions to make a claim under the policy; and,

l) That Progressive is liable for any judgment against Defendant Moore and Defendant BRT in this cause up to the amount of the policy or if a judgment is rendered over that amount.

## **PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Mrs. Brown requests a trial by jury and seeks and demands entry of a judgment against Defendant Moore and Defendant BRT, jointly and severally, for all sums Mrs. Brown is entered to recover under the law for her injuries and damages sustained as a result of the accident aforesaid, in an amount determined by the jury to be fair and reasonable, and that would grant the relief to which Mrs. Brown is entitled, and Mrs. Brown also seeks a judgment for all relief she has requested above as to Canal and Progressive.

This the 2nd day of June, 2021.

                        Respectfully submitted,

                        DEFENDANT JESSICA BROWN

                        BY:  */s/Sam S. Thomas*
                              SAM S. THOMAS (MSB #8307)

                        ATTORNEY FOR DEFENDANT JESSICA BROWN

SAM S. THOMAS, ESQ. (MSB #8307)
sst@samthomaslaw.com
OWEN P. TERRY, ESQ. (MSB #105532)
oterry@samthomaslaw.com
THOMAS LAW, P.C.
POST OFFICE BOX 2790 (39130)
115-A HOMESTEAD DRIVE
MADISON, MISSISSIPPI 39110
(601) 355-3668 (TELEPHONE)
(601) 898-4537 (FACSIMILE)
ATTORNEYS FOR DEFENDANT JESSICA BROWN
IN DEFENSE OF THE CLAIMS OF PLAINTIFF MIA MOTON


                        By:  */s/Samuel F. Creasey*
                              SAMUEL F. CREASEY (MSB #99555)
                              ATTORNEY FOR CROSS-PLAINTIFF
                              JESSICA BROWN

SAMUEL F. CREASEY, ESQ. (MSB# 99555)
MORGAN & MORGAN, PLLC
4450 OLD CANTON ROAD, SUITE 200
JACKSON, MISSISSIPPI 39211
TELEPHONE: (601) 949-3388
FACSIMILE: (601) 718-2094
screasey@forthepeople.com
ATTORNEY FOR CROSS-PLAINTIFF
JESSICA BROWN ON HER CROSS-CLAIM

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing all counsel of record.

THIS the 2nd day of June, 2021.

_/s/Sam S. Thomas_
SAM S. THOMAS
